UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BERNICE RODRIGUEZ on behalf of herself and all others similarly situated

　　　　　　　　　　Plaintiff,

-against-

WRIGHT, SCOTT & ASSOCIATES, LLC

　　　　　　　　　　Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 30 2008   ★

LONG ISLAND OFFICE

CV-08 2618

(SY)

TOWNES, J.

POHORELSKY, M.

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Bernice Rodriguez seeks redress for the illegal practices of Wright, Scott & Associates, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within Kings County, New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Genesis.

4. Upon information and belief, Wright, Scott & Associates, LLC is a Maryland limited liability company with its principal place of business located in Owing Mills, Maryland.

-1-

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

## *Allegations Particular to Bernice Rodriguez*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, on or about June 12, 2008 the defendant sent the plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part: "UNLESS YOU NOTIFY US IN WRITING WITHIN 30 DAYS RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU."

12. Said language attempts to set forth the consumer's right to dispute the debt and seek verification thereof.

13. Said language falsely sets forth those rights.

14. A consumer may dispute a debt orally and overcome the presumption of validity.

15. A consumer must dispute a debt in writing in order to obtain verification.

16. Upon information and belief, according to the New York City Department of Consumer Affairs website, the defendant does not have a license number with the Department of Affairs.

17. In order to attempt to collect the within alleged debt from the plaintiff, who resides in New York City, the defendant must be licensed with the Department of Consumer Affairs.

18. The said June 12, 2008 letter at issue states as follows: "If you do not undertake any of the actions set forth above in the preceding paragraph, legal action may be taken against you after the expiration of the 30 day period described therein."

19. Upon information and belief, said language contains false threats and deceptive representations.

20. Said letter contains false threats because the defendant was not licensed with the New York City Department of Consumer Affairs at the time of the sending of the June 12, 2008 letter to the plaintiff.

21. The said actions of the defendant are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5), 1692(10) and 1692ffor engaging in falsely threatening, deceptive, illegal and unfair practices.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

22. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-21 as if set forth fully in this cause of action.

23. This cause of action is brought on behalf of plaintiff and the members of a class.

24. The Class consists of consumers who received the same form letter, as did the plaintiff.

25. The Class consists of all persons whom Defendant's records reflect resided in the New York City and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 8, 2007 (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e(5) and 1692e(10) and 1692f by engaging in deceptive and illegal and unfair practices.

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal

question presented by this claim is whether the defendant violated the FDCPA by failing to obtain a license and/or publish said license on its collection letters.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## *Violations of the Fair Debt Collection Practices Act*

30. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
June 25, 2008

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

# WRIGHT, SCOTT & ASSOCIATES, LLC.

Collection Agency
300 Red Brook Boulevard Suite 300
Owings Mills, Maryland 21117
1-888-581-0202
(410) 581-0202
(410) 581-7419 (Facsimile)

BERNICE RODRIGUEZ
927 DEKALB AVE APT 13A
BROOKLYN NY 11221

06/12/2008

Re: OUR CLIENT: GENESIS
ALLEGED DEBTOR: BERNICE RODRIGUEZ
Our File No.: 66294
Alleged Debt Due: $1,034.72

Dear: BERNICE RODRIGUEZ

Please be advised that we represent the creditor listed above, which alleges a debt due and owing from you in the sum shown above.

This office is encouraging you directly to clear your seriously delinquent obligation by remitting full payment, or by contacting this office for assistance.

UNLESS YOU NOTIFY US IN WRITING WITHIN 30 DAYS RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ALL INFORMATION OBTAINED WILL BE USED FOR SUCH PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

If you do not undertake any of the actions set forth in the preceding paragraph, legal action may be taken against you after the expiration of the 30 day period described therein.