IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 28 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
BERNICE RODRIGUEZ,

          Plaintiff,

-against-                    **MEMORANDUM AND ORDER**

WRIGHT, SCOTT & ASSOCIATES, LLC,      08-CV-2618 (SLT) (VVP)

          Defendant.
----------------------------------------------------------- x
TOWNES, United States District Judge:

    Plaintiff Bernice Rodriguez moves for entry of default pursuant to Fed. R. Civ. P. 55(a). However, as discussed below, plaintiff's motion papers do not establish that plaintiff properly served defendant Wright, Scott & Associates, LLC. Accordingly, this Court directs plaintiff to either amend her motion for entry of default or to re-serve defendant.

## *BACKGROUND*

    On June 30, 2008, plaintiff commenced this case by filing a complaint alleging violations of the Fair Debt Collections Act, 15 U.S.C. § 1692 *et seq.*, by defendant, a limited liability company located in Owings Mills, Maryland. On August 27, 2008, Tonya L. Smith, a process server affiliated with the Owings Mills office of Attorney Services Corporation, attempted to serve defendant by serving a copy of the summons and complaint on one Mark Brown. The return of service, filed September 9, 2008, identifies Mr. Brown only as "supervisor," and does not indicate whether Mr. Brown is an officer of Wright, Scott & Associates or is otherwise authorized to receive service on behalf of defendant. The return of service also states that service was executed "in accordance with state statutes," although it does not identify the state in question.

Defendant failed to file an answer to the complaint. On February 27, 2009, plaintiff requested entry of default against defendant pursuant to Fed. R. Civ. P. 55(a). Plaintiff's motion papers include a copy of the return of service, but do not include an affidavit from Ms. Smith explaining why service on Mr. Brown is sufficient to permit this Court to exercise jurisdiction over defendant.

## DISCUSSION

Under Rule 55(a), a default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and this failure is shown by affidavit or otherwise ...." However, before a court can enter a default or otherwise "exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "Absent a showing that a defendant has adequately been informed of an action, it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend.'" *Downing v. Wanchek*, No. S-07 Civ. 1599, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009) (quoting Fed. R. Civ. P. 55(a)). Since "the law does not favor defaults ... any doubts as to whether a party is in default should be decided in favor of the defaulting party." 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2681 at 402-3 (2d ed. 1983).

In this case, plaintiff had the option of either serving defendant (1) in the specific manner prescribed by Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, or (2) in accordance with either the law of the state where service was made or the law of the state where the court is located. *See* Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A). Plaintiff's return of service indicates that plaintiff elected the latter option, in that service was executed "in accordance with state statutes."

However, the return of service does not specify whether service was effected pursuant to the laws of Maryland, the state where service was made, or New York, the state where the court is located.

Plaintiff has not met the burden of proving defendant was properly served under the laws of either state. Under Maryland law:

> Service is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or any other person expressly or impliedly authorized to receive service of process.

Md. Rule 2-124(h). On August 27, 2008, when service was attempted in this case, defendant's resident agent was David Rodman Cohan of Cohan & West, whose contact information was available on the Maryland Secretary of State's website. *See* http://sdatcert3.resiusa.org/UCC-Charter/CharterSearch_f.aspx. There is nothing in plaintiff's affidavit suggesting that Ms. Smith made a good faith effort to serve Mr. Cohan and that she was unable to do so. Absent such a showing, this court cannot find that personal service on an individual other than Mr. Cohan, the registered agent, was sufficient under Maryland law. *See* Md. Rule 2-124(h).

Under New York law, service of process on a foreign limited liability company may be effected in any of the four ways prescribed in section 311-a of New York Civil Practice Law and Rules, or through service upon the New York Secretary of State, as authorized by article three of the New York Limited Liability Company Law. Since plaintiff attempted to effect service outside of New York State, only two of the four methods of service set forth in section 311-a are applicable. Plaintiff could have served defendant by delivery "to any ... agent authorized by appointment to receive process, or ... to any other person designated by the limited liability

company to receive process, in the manner provided by law for service of a summons if such person was a defendant." N.Y. C.P.L.R. § 311-a .

The return of service filed by plaintiff in this case states only that the summons and complaint were delivered to Mark Brown, a "supervisor." The form does not indicate that this supervisor was an agent authorized by appointment to receive process on behalf of defendant, or a person designated by defendant to receive service of process. Therefore, the plaintiff has not established that service of process on Mr. Brown was adequate service under New York law.

## *CONCLUSION*

Since Plaintiff's submissions are insufficient to establish that defendant was properly served with process under either Maryland or New York law, this Court cannot conclude that defendant has "failed to plead or otherwise defend," and cannot enter a default against defendant. *See Downing*, 2009 WL256502 at *3. This Court will, however, grant plaintiff leave to either (1) amend her motion for entry of default in order to show that Ms. Smith's service was adequate or (2) re-serve defendant. Plaintiff must amend her motion or re-serve defendant on or before September 14, 2009. If plaintiff fails to comply with this Order within the time provided, this case will be dismissed pursuant to Fed. R. Civ. P. 4(m).

SO ORDERED.

s/ SLT
SANDRA L. TOWNES
United States District Judge

Dated: August 24, 2009
Brooklyn, New York

4